Troper, Professional Computer Services, Advanced Data Solutions, Mel Nussbaum, Barry Borchetta, Defendants–Appellees.

No. 00–9098.

United States Court of Appeals, Second Circuit.

May 8, 2001.

Sheldon TISHBERG, Individually, Ann Tishberg, Nathan Tishberg, An infant by his father and natural guardian, Sheldon Tishberg, Plaintiffs–Appellants,

v.

John DOE, P.O., Defendant–Appellee,

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RE-FORM PENSION BOARD, formerly known as Rabbinical Pension Board, Central Conference of American Rabbis, Robert M. Koppel, Joseph Goldman, Rabbi, Henry Fruhauf, Ronald M. Cohen, Mark W. Greenstein, Estate of Robert L. Adler, Steven L. Adler, Morton N. Richter, Paul J. Menitoff, Rabbi, The Union of American Hebrew Congregations, Loeb &

Sheldon Tishberg, Brooklyn, NY, pro se.

Helen P. Brown, Assistant Corporation Counsel, Office of the Corporation Counsel, Neal M. Goldman, Squadron, Ellenoff, Plesant & Sheinfeld LLP, New York, NY, for appellees.

Present LEVAL, SACK and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the district court be and it hereby is AFFIRMED.

Plaintiffs Sheldon Tishberg, his wife, and their child appeal from a grant of summary judgment in defendants' favor dismissing their claims. The claims against the Reform Pension Board defendants (the RPB) sounded in copyright. The claims against the city and police defendants alleged violations of constitutional rights when Mr. Tishberg was arrested on the RPB's complaint relating to his alleged conversion of a copyrighted computer program. We affirm substantially for the reasons stated in the magistrate judge's report and recommendation, which was adopted by the district court.

Tishberg's copyright claims fail because the evidence demonstrates that the computer program at issue was created by him as a work for hire and was thus the property of his employer. *See Community for Creative Non–Violence v. Reid*, 490 U.S. 730, 737, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989). His claims against the city cannot be sustained because there was no showing that the events of his arrest were due to an official policy, custom, or practice of the city. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Tishberg's claims against individual police officers also fail, because he did not name those officers until after the expiration of the statute of limitations.

We have considered all of the Tishbergs' contentions and have found them to be without merit. Accordingly, the decision of the district court is affirmed.